## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**GEORGE KENNETH NATHANSEN,**

      **Plaintiff,**

**v.**                                                    **Case No: 5:25-cv-629-MMH-PRL**

**CITY OF OCALA, POLICE CHIED**
**MIKE BALKEN, FIRE CAPTAIN**
**JESSE D. BLOOM, SARGEANT**
**ASHELY STINEHOUR, OFFICER**
**WILLIAM BODE, and OFFICER**
**JORDAN R. PAGANO,**

      **Defendants.**

---

### ORDER

This cause comes before the Court on Plaintiff's Motion to Receive Notice of Electronic Filing (NEF) by Email. (Doc. 6). Plaintiff requests permission to receive notices of electronic filing via email, with assistance from Dr. Shawn Berry, an "ADA Assistant" for Plaintiff, in light of his disabilities. (*Id.*; *see* Doc. 5).

Generally, as a *pro se* party, a litigant may receive electronic notices of filing to their email (with the Court's authorization), monitor the docket through PACER, and submit filings in person, by U.S. mail, or by other delivery service. "[T]he Court in its discretion may grant a pro se party permission to receive electronic notifications." *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). In this instance, the Court finds it appropriate to exercise discretion and permit the Plaintiff to receive electronic notifications of filing via email. *See id.* (authorizing electronic notification of filings for a *pro se* litigant via email); *Cromity v. City of Orlando*, No. 6:24-cv-

1688-CEM-DCI, 2025 WL 435901, at *2 (M.D. Fla. Jan. 29, 2025) (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).

However, to the extent that Plaintiff requests authorization that the electronic notices of filing be sent to Dr. Shawn Berry's email address as an accommodation for Plaintiff's disabilities, such a request will be denied at this stage in the litigation. Dr. Berry, who is a non-attorney and self-described "ADA Assistant" for Plaintiff, cannot represent the legal interests of Plaintiff in this action, and as such, he may not receive electronic notifications of case filings. *See Bey on behalf of Baxter v. Florida*, No. 4:24-cv-517-MW/ZCB, 2025 WL 351425, at *1 (N.D. Fla. Jan. 6, 2025), *report and recommendation adopted sub nom. Bey on Behalf of Baxter v. State*, 2025 WL 350387 (N.D. Fla. Jan. 30, 2025) ("Put simply, an individual who is not a licensed attorney may not represent the legal interests of another person in federal court.") (internal footnote omitted); 28 U.S.C. § 1654 (authorizing parties in federal cases to "plead and conduct their own cases personally or by counsel"); Admin. Proc. for Elec. Filing § D (Nov. 18, 2025) for the United States District Court, Middle District of Florida (explaining that notices of electronic filing are "sent to each E-filer of record in the case and to any other individual authorized by the Court to receive notifications of case filings"); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent [parties] (other than himself) in court.") (internal footnote omitted). Plaintiff does not contend that he will be affected or harmed in any way should the Court send electronic notices of filing to his email address and not to Dr. Berry's email address.

Therefore, the Court, in its discretion, will send all notices of electronic filing to the Plaintiff's email address. *See Nathansen v. City of Punta Gorda et al.*, No. 2:25-cv-300-KCD-NPM, at docs. 9 & 12 (M.D. Fla. Sept. 26, 2025) (granting Plaintiff's motion to receive electronic notification and directing the Clerk to send all future notices of electronic filing to Plaintiff's email address); *see also Womack v. Neighborhood Assistance Corp. of Am.*, No. CV 122-104, 2023 WL 1767776, at *1-2 (S.D. Ga. Feb. 3, 2023) (noting that plaintiff had been granted disability accommodations, in part, by permitting plaintiff to receive filings electronically).[1]

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Plaintiff's Motion to Receive Notice of Electronic Filing (NEF) by Email (Doc. 6) is **GRANTED**.

(2) The Clerk is **directed** to add Plaintiff's email address (georgeknathansen@yahoo.com) to the docket and send all future notices of electronic filing to this email address.

(3) Plaintiff is responsible for notifying the Clerk if he changes his email address. Plaintiff is advised that he must frequently check his email, as some filings could be time-sensitive. The notices of electronic filing will contain a hyperlink that will allow Plaintiff to view the document for the first time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. An individual must access PACER to view a document after the hyperlink has expired. The Court's Guide for Proceeding Without a Lawyer

---

[1] Nevertheless, given Plaintiff's severe disabilities (including "significant hearing and vision impairments," among other physical and mental issues), Plaintiff has assistance from Dr. Berry, who can facilitate mailing or delivery items to the court, if need be. (*See* Doc. 5) (detailing Plaintiff's multiple disabilities).

provides instructions on how to register for PACER on page 13.[2] Please note that when the Court allows a *pro se* litigant to receive notices of filing by email, the Clerk's office no longer mails paper copies. As a result, Plaintiff is cautioned that he will no longer receive Court filings by U.S. mail.

**DONE** and **ORDERED** in Ocala, Florida on January 6, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court's Guide for Proceeding Without a Lawyer can be accessed on the Court's website at http://www.flmd.uscourts.gov/pro_se/default.htm.