UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GEORGE KENNETH NATHANSEN,

     **Plaintiff,**

**v.**
                                **Case No: 5:25-cv-629-MMH-PRL**

POLICE CHIED MIKE BALKEN,
FIRE CAPTAIN JESSE D. BLOOM,
SARGEANT ASHELY STINEHOUR,
OFFICER WILLIAM BODE,
OFFICER JORDAN R. PAGANO, and
CITY OF OCALA,

     **Defendants.**

_____

## ORDER

This cause comes before the Court on *pro se* Plaintiff's Motion to Direct Service of Amended Complaint and Summons on Defendant Billy Woods, which the Court construes as a motion to amend the complaint to add a defendant and direct service of process. (Doc. 17). Plaintiff seeks to add Billy Woods, in his official capacity as the Sheriff of Marion County, Florida, as a defendant to his complaint and direct service of the proposed amended complaint, which Plaintiff labels as a "Proposed Draft First Amended Complaint and Demand for Jury Trial." (*Id*. at pp. 1-2; *see* Doc. 17-1). Upon consideration, Plaintiff's motion is due to be granted to the extent stated herein.

## I.    BACKGROUND

On October 8, 2025, Plaintiff initiated this action by filing a "Complaint and Demand for Jury Trial" ("Complaint") against the City of Ocala and officers Mike Balken, Jesse Bloom, Ashley Stinehour, William Bode, and Jordan Pagano of the Ocala Police Department

(collectively, the "Defendants"), seeking "redress for the unlawful suppression of his protected political expression, retaliatory arrest, unreasonable force, deliberate indifference to his disabilities, and related violations" for "engaging in peaceful political expression on the pedestrian median island at Silver Springs Boulevard (SR 40) and NE 1st Avenue" in Ocala, Florida. (*See* Doc. 1 at ¶¶ 1-2, 11-17). Simultaneously with the filing of his Complaint, Plaintiff filed a Motion to Proceed in Forma Pauperis. (Doc. 2).

On March 23, 2026, the Court, without expressing an opinion on the ultimate merits of Plaintiff's claims, permitted Plaintiff to proceed in forma pauperis based on the Complaint, and directed the Clerk to deliver the summonses and Complaint to the United States Marshal for service in accordance with the Federal Rules of Civil Procedure. (Doc. 9). Proofs of service were filed on April 1, 2026, indicating that Defendants were served on or around March 31, 2026. (Docs. 11-16).

Plaintiff now files the instant motion (Doc. 17), attaching a copy of the proposed amended complaint (Doc. 17-1). In his motion, Plaintiff generally states that he seeks to add Billy Woods, in his official capacity as the Sheriff of Marion County, Florida, as a defendant with respect to "the jail-related allegations arising from Plaintiff's booking and treatment at the Marion County Jail." (Doc. 17 at p. 1).

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings before judgment is entered. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Under Rule 15(a)(1), a plaintiff can amend a complaint once as a matter of course within 21 days of service of the complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1); *Shaw v. Allen*, 701 F.

App'x 891, 894 (11th Cir. 2017) (per curiam) (stating that under Rule 15(a)(1), "a party may amend a pleading once as a matter of course at any time before a responsive pleading is served"); *Giles v. Manser*, 757 F. App'x 891, 894 (11th Cir. 2018) (per curiam) ("Rule 15(a)(1) gives a plaintiff the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed."). A *pro se* plaintiff does "not waive his right to amend as a matter of course merely because he filed a motion to amend instead of amending as a matter of course." *See Toenniges v. Ga. Dep't of Corrs.*, 502 F. App'x 888, 889 (11th Cir. 2012) (per curiam); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (holding that the district court abused its discretion when it denied *pro se* plaintiff's motion to amend when plaintiff filed his motion before the district court dismissed his complaint and before any responsive pleadings were filed).

Moreover, "[w]hen a pro se plaintiff can amend as a matter of course but improperly requests leave to amend, this places a motion to amend before the court. . . . Indeed, courts must take some sort of action to address the motion—including "granting leave" to amend, deeming the complaint amended under Rule 15(a)(1), or making a finding that the amended complaint is operative (either as of its filing or as of the issuance of the court order)." *See Richards v. Johnson*, No. 5:18-cv-56, 2019 WL 3729525, at *5 (S.D. Ga. July 8, 2019), *report and recommendation adopted*, 2019 WL 3752569 (S.D. Ga. Aug. 7, 2019) (citations omitted); *see also Killens v. Sheffield*, No. CV 319-087, 2020 WL 2858797, at *1 (S.D. Ga. June 2, 2020) (construing *pro se* plaintiff's objection, which contained additional facts not originally included in his complaint, as a motion for leave to amend his complaint, and cautioning plaintiff that he "may not piecemeal amend his complaint by simply amending sections of his complaint") (citations omitted); *Nelson v. Howard*, No. 3:18-cv-1334-J-39JBT, 2019 WL

265148, at *2 (M.D. Fla. Jan. 18, 2019) (noting that the court granted plaintiff leave to amend his complaint and directed plaintiff to "add related claims only") (internal quotation marks omitted).

### III.    DISCUSSION

As Plaintiff filed the instant motion within 21 days of service of the complaint and none of the Defendants named in the complaint had filed a responsive pleading when Plaintiff sought to amend his complaint, Plaintiff may file an amended complaint once as a matter of course under Rule 15(a)(1). *See Miller v. R.L. Conway*, 331 F. App'x 664, 665 (11th Cir. 2009) (per curiam) (finding that the district court erred in denying *pro se* plaintiff's motion to amend his complaint because the plaintiff had a right to amend the complaint as a matter of course to include additional defendants, as "none of the police officers named in the complaint had filed a responsive pleading when [plaintiff] sought to amend his complaint"). As such, the Court will allow Plaintiff to file an amended complaint.

Although Plaintiff is allowed to amend his complaint once as a matter of right, Plaintiff "may not piecemeal amend his complaint by simply amending sections of his complaint." *See Killens*, 2020 WL 2858797, at *1 (citing *Holland v. Burnette*, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009)); *Holland*, 2009 WL 1579507, at *1 (explaining that plaintiff "improperly attempted to amend his complaint in a piecemeal manner by simply amending two sections of his original complaint"). Upon review of Plaintiff's proposed amended complaint, he recounts some of the same events contained in his original complaint that the Court screened in its frivolity review under 28 U.S.C. § 1915(e)(2), but also adds factual allegations not included in his complaint against the existing Defendants and amends most, if not all, of his causes of action. (*See* Doc. 17-1). While Plaintiff states that he seeks to add

Billy Woods as a new defendant to this action, his proposed amended complaint purports to change entire portions of his complaint, making it materially different from the original complaint. *See generally Jamison v. Long*, No. 5:19-cv-00457-TES-MSH, 2021 WL 3702488, at *7 (M.D. Ga. May 27, 2021), *report and recommendation adopted in part on other grounds*, 2021 WL 2936132 (M.D. Ga. July 13, 2021) (stating that "[t]he Court's order that [plaintiff] recast his amended complaint will not serve as carte blanche to add yet more defendants and claims"). Given the foregoing, Plaintiff's motion will be granted to the extent that he may amend his complaint to add Billy Woods, in his official capacity as the Sheriff of Marion County, Florida, as a defendant and related claims only. Plaintiff's amended complaint must comply with the directives set forth in this Order and all applicable rules and law.[1]

Once Plaintiff files his amended complaint, the Court will review the amended complaint to determine whether it complies with this Order and direct service of process, if appropriate, by separate order.[2] Plaintiff is cautioned that failure to file an amended complaint *as instructed* may result in a recommendation that this action be dismissed for failure to comply with a Court Order or other appropriate sanctions. *See, e.g.*, *Goodison v. Washington Mut. Bank*, 232 F. App'x 922, 923 (11th Cir. 2007) (per curiam) (affirming the dismissal of a case where the plaintiff failed to heed the court's instructions regarding amending the complaint); *Wright v. Neau*, No. CV 325-063, 2026 WL 561233, at *1 (S.D. Ga. Feb. 27, 2026), *report and recommendation adopted*, 2026 WL 989097 (S.D. Ga. Apr. 13, 2026) (cautioning plaintiff that "his amended complaint would be screened based on his IFP status, and should he leave out

---

[1] Additionally, Plaintiff is advised that his amended complaint must comply with Rule 11. *See* Fed. R. Civ. P. 11(a) (requiring every pleading to be signed "by a party personally if the party is unrepresented"); *see also* (Doc. 3 at p. 2) (requiring all documents filed by *pro se* litigants with the Court include their full name and original signature).

[2] If Plaintiff, on the other hand, fails to file an amended complaint as instructed in this Order, the Court will presume that he does not wish to amend his original pleading.

or change information from the original complaint, any [d]efendant or claim already in the case may be dismissed").

Plaintiff is further advised that, despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

IV.    **CONCLUSION**

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion to Direct Service of Amended Complaint and Summons on Defendant Billy Woods (Doc. 17), which the Court construes as a motion to amend the complaint to add a defendant and direct service of process, is **GRANTED** to the extent stated herein.

(2) Plaintiff shall file an amended complaint on or before **May 22, 2026**.

**DONE** and **ORDERED** in Ocala, Florida on May 8, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

- 7 -

Copies furnished to:

Counsel of Record
Unrepresented Parties