UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GEORGE KENNETH NATHANSEN,

     Plaintiff,

v.                                      Case No: 5:25-cv-629-MMH-PRL

CITY OF OCALA, POLICE CHIED
MIKE BALKEN, FIRE CAPTAIN
JESSE D. BLOOM, SARGEANT
ASHELY STINEHOUR, OFFICER
WILLIAM BODE, and OFFICER
JORDAN R. PAGANO,

     Defendants.

_____

**ORDER**

This cause comes before the Court on *pro se* Plaintiff's Renewed Motion for Reasonable Accommodation Regarding Notice of Electronic Filing. (Doc. 18). Plaintiff requests authorization for Dr. Shawn Berry ("Berry"), a non-party who does not appear to be an attorney licensed to practice in this Court, to receive electronic notices of filing via email as a "limited accessibility accommodation" so that Plaintiff can "receive timely and meaningful access to filings in this case." (*Id.* at pp. 1-4). Plaintiff explains that due to his communication-related disabilities, Berry currently assists him as his "ADA communication assistant" by "receiving information, reading written material aloud, helping Plaintiff understand deadlines, and assisting Plaintiff in communicating Plaintiff's own decisions back to the Court." (*Id.* at p. 2). Defendants filed a response in opposition to Plaintiff's motion. (Doc. 24). For the reasons explained below, Plaintiff's motion is due to be denied.

## I.    BACKGROUND

Shortly after initiating this case, Plaintiff filed a Motion to Receive Notice of Electronic Filing (NEF) by Email, seeking permission to receive electronic notices of filing via email, with assistance from Berry due to Plaintiff's disabilities. (Doc. 6). The Court granted Plaintiff's request authorizing Plaintiff to receive electronic notices of filing to his email address, but found that, to the extent Plaintiff sought electronic notices of filing to be sent to Berry's email address, it denied such a request because Berry, as a non-attorney, cannot represent the legal interests of Plaintiff in this action. (Doc. 8). The Court also noted that Plaintiff did not claim that he would be affected or harmed in any way should the Court send electronic notices of filing to Plaintiff's email address and not to Berry's email address. (*Id*. at p. 2).

Plaintiff now files the instant motion, requesting permission for Berry to receive electronic notices of filing via email. (Doc. 18). Plaintiff contends that this request should be granted because sending electronic notices of filing to his email address and not to Berry's email address "does not provide meaningful access in practice," given that Plaintiff "is functionally illiterate and cannot independently read, process, or understand email notices, docket text, orders, motions, or attached filings[,]" which "make[s] it necessary for another person to read and communicate the contents of notices and filings to him." (*Id*. at pp. 2-3). Defendants filed a response in opposition to Plaintiff's renewed motion, asserting that Berry, a non-attorney, should be precluded from participating in this lawsuit on Plaintiff's behalf. (Doc. 24).

## II.    LEGAL STANDARDS

As a general matter, the Court's Administrative Procedures for Electronic Filing provides that a notice of electronic filing ("NEF") is sent to each "E-filer" of record in the case, meaning "an eligible and properly registered lawyer or pro se litigant authorized by court order to file electronically in CM/ECF," and "to any other individual authorized by the Court to receive electronic notifications of case filings." *See* Admin. Proc. for Elec. Filing §§ A, D (Nov. 18, 2025); *see also Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023) ("[T]he Court in its discretion may grant a pro se party permission to receive electronic notifications."). Individual parties in federal court generally "may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *See* 28 U.S.C. § 1654. As "the law does not distinguish between pro se litigants and pro se litigants who have legal training, . . .a non-party and non-lawyer[] may not assist or appear to represent [a plaintiff] in [an] action." *See Hunter v. Polis*, No. 19-cv-02969-CMA-NYW, 2020 WL 13824785, at *1 (D. Colo. May 7, 2020) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam) (explaining that the right to appear *pro se* "is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others") (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent [parties] (other than himself) in court.") (internal footnote omitted).

### III.   DISCUSSION

While Plaintiff has the right to appear on his own behalf, he "cannot be represented or assisted by other pro se plaintiffs or non-lawyers in federal court." *See Hunter*, 2020 WL 13824785, at *1 (citing *Flymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)). As a result, Berry, who is a non-party and non-lawyer, "may not assist or appear to represent [Plaintiff] in this action." *See id.* (denying plaintiff's motion to have another participant, Marty Bueno, participate in the case, despite Mr. Bueno previously assisting plaintiff, and considering that plaintiff's hearing impairments could pose obstacles for an upcoming status conference).

Moreover, Plaintiff is currently involved in separate litigation in this district, where the defendants filed a Motion to Strike Berry from Representing Plaintiff and Signing Future Legal Documents, alleging that Berry had been drafting pleadings, responding to court communications, negotiating with opposing counsel, tracking deadlines, and submitting filings. *See Nathansen v. City of Punta Gorda et al.*, No. 2:25-cv-300-JES-NPM, at doc. 23 (M.D. Fla. Apr. 13, 2026). In that case, the Court granted defendants' Motion to Strike Berry, precluding Berry from "signing filed paper or representing [Plaintiff] in th[at] matter," as Berry, a non-attorney, "cannot sign any paper on Plaintiff's behalf," and noting that Plaintiff, proceeding *pro se* in the action, is "responsible for the substance of his filings." *See id.* at doc. 30 (M.D. Fla. May 5, 2026). The Court noted, however, that "[t]o the extent Berry [wa]s only providing secretarial assistance [to Plaintiff], that [wa]s proper." *See id.*[1]

---

[1] Notably, Berry is a party to another action in this district in *Berry v. City of Punta Gorda et al.,* No. 2:25-cv-299-JES-NPM, which is now consolidated with *Nathansen v. City of Punta Gorda et al.*, No. 2:25-cv-300-JES-NPM.

Here, the Court is not persuaded that permitting Berry, who appears to have signed several filed papers in this instant action (*see* Docs. 1, 4-6)—including Plaintiff's original complaint (Doc. 1) and Plaintiff's Motion to Receive Notice of Electronic Filing (NEF) by Email (Doc. 6)—to receive electronic notices of filing via email would allow Plaintiff to "receive timely and meaningful access to filings in this case." (*See* Doc. 18 at p. 3). To date, Plaintiff has filed documents in a timely and appropriate manner. Indeed, the Court has previously acknowledged that Plaintiff "has demonstrated a basic understanding of the legal process" in this case and "can articulate his position as well as that of the average *pro se* litigant." (*See* Doc. 7 at p. 2). By all accounts, Plaintiff currently has sufficient means and wherewithal to access the docket and file what is needed without Berry receiving electronic notices of filing to his email address at this stage in the litigation.[2] *See Womack v. Neighborhood Assistance Corp. of Am.*, No. CV 122-104, 2023 WL 1767776, at *1-2 (S.D. Ga. Feb. 3, 2023) (noting that the plaintiff had been granted disability accommodations, in part, by permitting plaintiff to receive filings electronically). Berry may only provide secretarial assistance and is otherwise prohibited from representing Plaintiff's legal interests.

The Court is also not convinced that sending electronic notices of filing via email to Plaintiff and not to Berry will cause Plaintiff "substantial and ongoing risk of missing time-sensitive filings and deadlines because of disability-related barriers." (Doc. 18 at p. 2). To the extent that Plaintiff seeks additional time to comply with any deadlines set forth in the Local

---

[2] To the extent Plaintiff seeks access to the electronically maintained docket system known as "PACER," Plaintiff should note that "[a]ny member of the public can access electronic records of the federal courts by registering online with PACER[.]" *See Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). As a *pro se* party, Plaintiff can receive electronic notices of filings to his email (as previously permitted by the Court), monitor the docket via PACER (as noted above), and submit filings in person, by U.S. Mail, or by other delivery service.

Rules or any Court Order, Plaintiff may file a motion requesting an extension of time or other specific relief when needed and as appropriate. *See generally* M.D. Fla. Local Rule 3.01. At bottom, it is ultimately "Plaintiff's responsibility, and not the responsibility of the Court, to comply with deadlines set in any case []he files by staying informed and up to date with the status of the case docket." *See Womack*, 2023 WL 1767776, at *2.

While the Court is aware that Plaintiff is proceeding *pro se*, without the benefit of counsel, and alleges various impairments impacting his communication, vision, and hearing, the Plaintiff is still required to follow the same procedural rules and deadlines as other litigants. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); (Doc. 3 at p. 1) (stating that the rules including, among others, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the Middle District of Florida "apply to all parties regardless of whether they have a lawyer") (citing *Moon*, 863 F.2d at 837). Courts cannot act as counsel for plaintiffs or rewrite pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (citation omitted). And *pro se* litigants must still comply with the procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

As for accommodations and access to judicial proceedings in this Court, Plaintiff "is entitled, as are all litigants, to reasonable access to the court[.]" *See Allen-Armbrister v. Colonial Pipeline Co.*, 820 F. App'x 867, 869 (11th Cir. 2020). The Court provides assistance to participants in court proceedings who are deaf, hearing-impaired, or have communication disabilities. Plaintiff may visit the Court's website for further information regarding accommodations and services that the Court provides (https://www.flmd.uscourts.gov/accommodations).

- 7 -

**IV.    CONCLUSION**

Accordingly, for the foregoing reasons, Plaintiff's Renewed Motion for Reasonable Accommodation Regarding Notice of Electronic Filing (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on May 18, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties