**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

GEORGE KENNETH
NATHANSEN,

       Plaintiff,

vs.                                                                Case No.  5:25-cv-629-MMH-PRL

CITY OF OCALA, et al.,

       Defendants.

                                     /

## ORDER

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff,

George Kenneth Nathansen, initiated this action on October 8, 2025, by filing

the Complaint and Demand for Jury Trial (Doc. 1). That same day, Nathansen

filed his Application to Proceed in District Court without Prepaying Fees or

Costs (Doc. 2; Application). And, on March 23, 2026, the Magistrate Judge

granted Nathansen's Application. See Order (Doc. 9) at 1. On April 8, 2026,

Nathansen filed Plaintiff's Motion to Direct Service of Amended Complaint and

Summons on Defendant Billy Woods (Doc. 17; Motion). Construing the Motion

as a motion to amend the complaint to add a defendant and direct service of

process, the Magistrate Judge granted Nathansen leave to file an amended

complaint. See Order (Doc. 28), entered May 8, 2026, at 5. Nathansen then filed

his First Amended Complaint and Demand for Jury Trial (Doc. 31; Amended Complaint) on May 18, 2026.

Upon review of the Amended Complaint, the Court finds that it is an improper shotgun pleading and is due to be stricken. In the analysis that follows, the Court will discuss some of the problems with the Amended Complaint and provide Nathansen with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Nathansen should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing his corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Nathansen as he drafts his corrected complaint. This guidance is not directed at particular deficiencies in the Amended Complaint but instead is intended to be generally useful for Nathansen as he navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting

Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant[s] be on notice as to the claim being asserted against [them] and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoted authority omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Additionally, Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoted authority omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and

- 4 -

force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here, one such type of improper pleading occurs where the plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322–23; see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)). In the Amended Complaint, Nathansen appears to combine multiple causes of action in Counts IV, VI, and VII. See Amended Complaint at 10–11. For example, in Count IV, Nathansen asserts both a claim for unlawful seizure and a claim for excessive force. Id. ¶¶ 44–45. Likewise, in Count VI, Nathansen asserts claims for

violations of the Fourteenth Amendment's Due Process Clause as well as violations of the Fourteenth Amendment's Equal Protection Clause. Id. ¶¶ 48–49. Finally, in Count VII, Nathansen asserts both a claim for deliberate indifference and a claim for excessive force in detention. Id. ¶¶ 50–51. Each of these claims are distinct legal claims that require Nathansen to establish different facts, and thus, each claim must be stated in a separately identifiable count.

Importantly, when repleading with separate counts, Nathansen should also take care to avoid drafting a complaint in which he adopts or incorporates the allegations of preceding counts, as this also constitutes a form of impermissible shotgun pleading. See Weiland, 792 F.3d at 1321 ("The most common type [of shotgun complaint] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").

Because the Amended Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Nathansen to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement." (citing Fikes, 79 F.3d at 1083 n.6)). In accordance with Rules 8(a)(2) and 10(b), Nathansen must set forth each of

his claims in a separately identifiable count. See Rules 8(a)(2), 10(b). Nathansen must avoid the shotgun pleading deficiencies discussed above and describe in sufficient detail the factual basis for each of his claims. Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Finally, prior to filing his corrected complaint, Nathansen is encouraged to consider consulting with a legal aid organization that offers free legal services such as Community Legal Services of Mid-Florida. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Nathansen may schedule an appointment and learn more about the program on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

Accordingly, it is

**ORDERED:**

1. Plaintiff's First Amended Complaint and Demand for Jury Trial (Doc. 31) is **STRICKEN**.

---

[2] In preparing the corrected complaint and any future filings, the Court recommends that Nathansen visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Nathansen does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

2. Plaintiff shall file a corrected complaint consistent with the directives of this Order on or before **June 17, 2026**. Failure to do so may result in the dismissal of this action.

3. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers this 28th day of May 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Pro Se Party
Counsel of Record

- 8 -