**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**GEORGE KENNETH NATHANSEN,**

**Plaintiff,**

**v.** **Case No: 5:25-cv-629-MMH-PRL**

**CITY OF OCALA, POLICE CHIEF MIKE BALKEN, FIRE CAPTAIN JESSE D. BLOOM, SERGEANT ASHELY STINEHOUR, OFFICER WILLIAM BODE, OFFICER JORDAN R. PAGANO, and BILLY WOODS,**

**Defendants.**

---

**ORDER**

On August 10, 2026, the Court held a case management conference with *pro se* Plaintiff George Nathansen and Defendants' counsel, Ramon Vazquez (who represents the City and City defendants) and Gary Glassman (who represents the Sheriff). (Doc. 52). Plaintiff sought reasonable accommodations for the case management process due to his "disability-related communication and comprehension limitations that affect his ability to independently read, process, and understand legal emails, electronic notices, proposed filings, and scheduling communications without assistance." (*See* Doc. 43 at p. 2). For the sake of convenience, the Court allowed Plaintiff's friend, Mr. Berry, to attend the in-person hearing and sit next to Plaintiff during the hearing to provide only secretarial assistance. (*See* Docs. 47, 52). Based on the parties' representations at the hearing, and in light of the Court's discretion to seek counsel pursuant to 28 U.S.C. § 1915(e)(1), the Court will make efforts to secure representation for Plaintiff.

It is hereby requested that a designated **Deputy Clerk of this Court** make efforts to seek counsel to represent Plaintiff from available sources of attorneys interested in handling *pro bono* opportunities. The Deputy Clerk is **directed** to contact any of our local bar associations[1] to discuss the possibility of posting the request to assist this *pro se* litigant. The correspondence shall include the case number, a copy of this Order, and the following brief factual summary:

> Plaintiff, "a disabled political activist" with significant speech and airway-related limitations, brings this 42 U.S.C. § 1983 civil rights and disability action, alleging that City of Ocala officials and officers violated his First, Fourth, and Fourteenth Amendment rights and failed to provide reasonable modifications under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*., and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff alleges that officers suppressed his protected political expression, seized and arrested him without probable cause, used reasonable force, and failed to accommodate his disabilities during his seizure, arrest, and transport from a political protest in Ocala, Florida. Plaintiff further alleges that Marion County Jail and booking personnel denied him effective communication, interfered with his assistive communication device and airway needs, used force against him, mocked his disability-related sounds, and subsequently deemed their conduct reasonable or consistent with policy. This case is currently at the motion to dismiss stage, with the Court having recently concluded the case management conference on August 10, 2026.

The correspondence should also state that pursuant to the Ocala Division Civil Pro Bono Appointment Program, the appointed attorney is permitted to be reimbursed for certain costs incurred during the representation. Information regarding allowable costs and the procedure for obtaining reimbursement is available on the Court's website, www.flmd.uscourts.gov.

[1] These include but are not limited to the Marion County Bar Association; Sumter County Bar Association; Citrus County Bar Association; Lake County Bar Association; Alachua County Bar Association; Federal Bar Association (North Central Florida, Orlando, and Tampa Bay chapters); and Florida Institutional Legal Services.

The Deputy Clerk **shall** note on the docket which bar associations were contacted, by what means, and on what date. The correspondence should be sent no **later than 5 BUSINESS DAYS from the date of this Order**.

If counsel wishes to represent Plaintiff, he or she should contact the Deputy Clerk to notify them of his or her intent **within 30 DAYS of the date of this Order**, and the Deputy Clerk will notify the undersigned. Upon consent of the Plaintiff, the appointed counsel shall enter a notice of appearance. If no counsel enters an appearance on behalf of Plaintiff within 60 days of the date of this Order, the case will proceed without counsel for Plaintiff.

Plaintiff must be aware that there is no guarantee that an attorney will agree to take his case and represent him. Accordingly, he should continue to comply with all deadlines set forth in this case.

**DONE AND ORDERED** at Ocala, Florida on August 11, 2026.



PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Deputy Clerk